UNITED STATES of America, Plaintiff,

v.

**$31,000 IN UNITED STATES CURRENCY, Defendant.**

**Civ. No. 88–01419 JB.**

United States District Court, D. New Mexico.

April 12, 1990.

As Clarified on Denial of Motion for Reconsideration June 29, 1990.

Wm. L. Lutz, U.S. Atty., Stephen R. Kotz, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff.

James R. Beam, Albuquerque, N.M., David A. Dopsovic, Henry & Monroig, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

BURCIAGA, Chief Judge.

THIS MATTER is before the Court on Claimant Carl Allen Ridgeway's motion to dismiss the United States' First Amended Complaint for forfeiture of Property, for again failing to meet the specific pleading requirements of Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the United States' response thereto. Having reviewed the pleadings and the relevant law, the Court finds that Claimant's motion is well taken, and it will be granted.

The original complaint in this *in rem* forfeiture action was filed by the United States against Defendant $31,000.00 pursuant to § 881(b) of the Controlled Substance Act, 21 U.S.C. § 881(b), after $31,000.00 in U.S. currency, an "ohaus" electronic weighing scale, a loaded Smith and Wesson .357 caliber revolver and a plastic bag containing a marijuana seed were discovered in Claimant's car at the Border Patrol checkpoint located on Interstate 1, west of Las Cruces, New Mexico.

On January 12, 1990, after full briefing and oral argument, the Court granted Claimant's motion to dismiss the original complaint. At that time, the Court ruled: "Claimant's motion to dismiss be and hereby is GRANTED with prejudice, unless the Government is able to comply with the requirements of Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims within ten (10) days from the date hereafter." *United States v. $31,000.00*, No. CV 88–1419 JB, Order (D.N.M. January 12, 1990). The Government then timely filed its First Amended Complaint and now Claimant petitions the Court to dismiss it.

Claimant argues that, on its face, the First Amended Complaint is pleaded with even less specificity than the original complaint and therefore, once again, "totally fail[s] to meet the Government's burden to comply with the specific pleading requirements of Supplemental Rule E(2)(a)," which controls the pleading of actions *in rem*, such as civil forfeitures.

In an apparent attempt to remedy the deficiencies in the original Complaint, the First Amended Complaint incorporates by reference a "Report of Investigation" prepared by the Drug Enforcement Agency. The "Report" describes the circumstances at the border check point that led to the questioning of the occupants of Claimant's car, the subsequent search of the vehicle and the discovery of its contents. Citing nothing else in support, the First Amended Complaint alleges that the $31,000.00 is subject to forfeiture "because it was used or intended to be used or represents proceeds of or material used in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq* and 49 U.S.C. 781." First Amended Complaint, ¶ 9. Indeed, the only difference between the Original Complaint and the First Amended Complaint is that the latter incorporates by reference the entire DEA "Report" while the original Complaint merely summarizes the contents of the "Report." This is unpersuasive hypertrophy.

■ For the purposes of a motion to dismiss, the material allegations of the Complaint must be accepted as true. *Franklin v. Meredith*, 386 F.2d 958, 959 (10th Cir.1967). The Complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The Court shall construe the pleadings liberally, and if there is any possibility of relief the case should not be dismissed. *Gas-a-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1107 (10th Cir.1973).

Supplemental Rule E(2)(a) controls here, 21 U.S.C. § 881(b) (West Supp.1985), and requires that:

> the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E(2)(a).

In *United States v. $39,000.00 in Canadian Currency*, 801 F.2d 1210 (10th Cir. 1986), the Tenth Circuit held that "[r]ule E(2)(a) requires a more particularized complaint than is necessary in civil actions generally or in those admiralty proceedings where drastic remedies, such as *in rem* forfeitures, are not sought," *id.* at 1216, and that accordingly, "the complaint in a civil forfeiture action under section 881 must allege specific facts sufficient to support an inference that the property is subject to forfeiture under the statute." *Id.* at 1219.

The Government has again failed to allege such specific facts. The DEA "Report," like the summary of this report in the original Complaint, "specifies no date or location of any purported or intended exchange, no dollar amount of such an exchange, no specific type or quantity of controlled substance, and no identified participant." *Canadian Currency*, 801 F.2d at 1220. Inclusion of the entire DEA "Report" adds nothing of substance to the First Amended Complaint. The Government effectively admitted as much in its Response to Claimant's first motion to dismiss the original Complaint, as well as during oral argument, when it represented that "Paragraph 5 of the [original] complaint outlines all the facts and circumstances which underline the forfeiture complaint [and] [t]he United States fails to ascertain how this particular complaint can be more specific as to the facts underlying the forfeiture complaint." Government's Initial Response, ¶ 2. The allegations are nothing more than that the Claimant was a passenger in a car that contained $31,000,

an electric scale, a gun and a marijuana seed and that the occupants of the car did not give adequate answers to questions asked by the border patrol agents. Yet, "[t]hese unsupported and conclusory allegations do not meet any definition of the word 'particularity.'" *Id.* Therefore, the First Amended Complaint, like the original Complaint, fails to comply with the specificity-of-pleading requirements of Rule E(2)(a) and *Canadian Currency*.

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED that Claimant Allen Ridgeway's motion to dismiss be, and hereby is, granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant $31,000.00, together with interest accrued from the date of its seizure, and the $3,100.00 cost bond posted by Claimant, together with interest accrued from the date of its posting, be returned to Claimant.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Claimant's United States passport be returned to Claimant.

## ORDER

THIS MATTER having come on for consideration of the Government's MOTION FOR PARTIAL RECONSIDERATION AND MODIFICATION OF ORDER, and the Court having reviewed the memoranda of the parties and being fully advised in the premises, finds that the motion is not well taken and should be denied.

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED that the Government's motion for reconsideration be and hereby is DENIED.

IT IS FURTHER ORDERED that the Court's Order of April 12, 1990, is clarified to reflect that the interest accrued shall be at the statutory rate until fully paid.